IN THE MATTER OF: THE APPEAL OF LAND AND MINERAL COMPANY FROM THE VALUATION OF CERTAIN OF ITS PROPERTY, TO WIT: 10,000 ACRES OF MINERAL RIGHTS BY THE MITCHELL COUNTY BOARD OF EQUALIZATION AND REVIEW FOR 1978

No. 8024SC416

(Filed 18 November 1980)

Taxation § 25.4— ad valorem taxes – valuation of mineral rights

Even if respondent county violated statutory requirements in the reappraisal of petitioner's mineral rights from $3.00 to $50.00 per acre, the evidence supported a determination by the State Board of Equalization and Review that the assessed valuation did not exceed the true value of the mineral rights where petitioner's president testified that he told the county Board of Equalization and Review that petitioner was asking $150.00 per acre for the mineral rights.

APPEAL by respondent from *Allen (C. Walter), Judge*. Judgment entered 15 January 1980 in Superior Court, MITCHELL County. Heard in the Court of Appeals 16 October 1980.

This is an appeal by respondent Mitchell County from a judgment of the Superior Court of Mitchell County reversing a decision of the Property Tax Commission sitting as the State Board of Equalization and Review. The State Board of Equalization and Review had affirmed a decision of the Mitchell County Board of Equalization and Review. The petitioner appellee owns mineral rights in 10,000 acres of land in Mitchell

---

---

County. In 1977, the petitioner's mineral rights were reappraised from $3.00 to $50.00 per acre. Petitioner contested this reappraisal. The Mitchell County Board of Equalization and Review upheld the appraisal, and Land and Mineral Company petitioned the Property Tax Commission, sitting as the State Board of Equalization and Review, for review.

The State Board of Equalization and Review conducted a full hearing. Frances E. Fields, president of petitioner, testified that "[i]n the last 10 years no one has asked to lease any of the mineral rights or to prospect for minerals on the land." On cross-examination, he testified that he had stated to the Mitchell County Board of Equalization and Review that the company was asking $150.00 per acre for the mineral rights. Arthur Buchanan testified for the petitioner as to the location of the mineral rights and stated that in his opinion $10.00 per acre would be "top price" for the mineral rights. Petitioner also introduced into evidence an affidavit from S.J. Crow as to comparable sales in the mountain counties of Tennessee.

Two witnesses testified for Mitchell County. Bruce Stamey testified he is the Tax Supervisor of Mitchell County. He stated that the mineral rights were appraised at $50.00 per acre regardless of where they were located. Luther Ford testified that he appraised the mineral rights in Mitchell County. He stated that he based the valuation of $50.00 per acre on sales of mineral rights in Yancey County which he considered comparable, although the sales in Yancey County were not for mining purposes but were purchases by the owners of the surface lands in order to hold the complete title to their lands. He also discussed his appraisal with agents of two mining companies in Mitchell County. He testified he did not enter the petitioner's land in Mitchell County; does not know where it is located; does not know what is the access to the property; and does not know whether water is available.

The State Board of Equalization and Review made findings of fact and concluded that the county's valuation of the mineral rights was not in excess of their true value in money. The State Board ordered that the valuation be sustained.

The petitioner appealed to the superior court. The superior court held that the "[c]onclusions, [d]ecision, and [o]rder of the

Board in sustaining the reappraisal and revaluation of the Petitioner's mineral rights in the general reappraisal in Mitchell County in 1977 were unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record" and "[t]hat Mitchell County did not comply with the requirements of G.S. 105-283 *Uniform Appraisal Standards* and G.S. 105-317 *Appraisal of Real Property, adoption of schedules, standards and rules* in the 1977 reappraisal of the Petitioner's mineral rights and that the previously existing valuation must, therefore, be deemed to continue in effect." The court ordered the appraisal of petitioner's mineral rights to remain as it had been prior to 1977. .

Respondent Mitchell County appealed.

*Adams, Hendon, Carson and Crow, by Philip C. Carson, for petitioner appellee.*

*Watson and Dobbin, by Charlie A. Hunt, Jr., for respondent appellant.*

WEBB, Judge.

This case brings to the Court the question of whether the superior court was correct in reversing the State Board of Equalization and Review after finding that the State Board did not comply with the statutory requirements in reappraising the petitioner's property and that the findings of the State Board were unsupported by substantial evidence in view of the entire record. *See Thompson v. Board of Education,* 292 N.C. 406, 233 S.E. 2d 538 (1977).

The official acts of a public agency, in this case the Mitchell County Board of Equalization and Review, are presumed to be made in good faith and in accordance with law. The burden is on a party asserting otherwise to overcome such presumptions by competent evidence to the contrary. The petitioner in the case *sub judice* must show that the appraisal method used was not in accordance with statutory requirements or that the findings of fact of the State Board were not based on competent evidence. The petitioner must also show it was substantially injured by an excessive valuation. The petitioner may overcome the presumed correctness of Mitchell County's assessment only by showing by competent evidence that the assessment exceeds

**In re Land and Mineral Co.**

the true value of the property. *Electric Membership Corp. v. Alexander,* 282 N.C. 402, 192 S.E. 2d 811 (1972).

The appellee contends that it has proved Mitchell County did not comply with the statutory requirements in the reappraisal and that the State Board failed to consider the lack of evidence as to value submitted by Mitchell County. Mitchell County put on two witnesses at the hearing before the State Board. Mr. Stamey testified that no differential was made as to the value of mineral rights notwithstanding where they may be. Appellee says this violates the requirements of G.S. 105-317(a)(1). Mr. Ford testified that in appraising the mineral rights, he used four sales in Yancey County which he considered to be comparable. On cross-examination, he testified that the Yancey County sales were not for mining purposes. Appellee argues this shows the Yancey County sales were not comparable. Mr. Ford also testified he did not consider location, access, or availability of water in making the appraisal. The petitioner contends this violated the requirements of G.S. 105-317(a)(1). The petitioner also contends Mitchell County's evidence was so weak it was not substantial evidence within the meaning of G.S. 150A-29(a).

Assuming the appellee is correct in its argument that the county violated the statutory requirements in the reappraisal and that there was not substantial evidence to support the value of the property as assessed by the county, we do not believe the appellee can prevail. The president of Land and Mineral Company testified he told the Mitchell County Board of Equalization and Review the company was asking $150.00 per acre for the mineral rights. We hold that considering the entire record, this is substantial evidence from which the State Board could conclude the assessment did not exceed the true value of the mineral rights. The evidence supports this finding and the conclusion of the State Board.

For the reasons stated in this opinion, we reverse and remand to the superior court for a judgment consistent with this opinion.

Reversed and remanded.

Judges CLARK and WHICHARD concur.